UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SEREKIE S. SMITH,

                      Plaintiff,

            - against -

NEW YORK CITY HEALTH AND
HOSPITALS, SHWEZIN OO, and TIMOTHY
O'LEARY,

                      Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-1040 (PKC) (TAM)

PAMELA K. CHEN, United States District Judge:

On February 20, 2025, *pro se* Plaintiff Serekie Smith filed this action against Defendants, alleging employment discrimination pursuant to Title VII of the Civil Rights Act. (Dkt. 1 ("Compl.") at ECF[1] 1–13.) Plaintiff seeks damages and injunctive relief. (*Id.* at ECF 11.) The Court grants Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the Court dismisses the Complaint with leave to amend by April 7, 2025.

## BACKGROUND

Plaintiff was employed by Defendant New York City Health and Hospitals between July 1, 2024 and November 4, 2024. (Compl. at ECF 8–9.) Plaintiff alleges that she was subjected to wrongful discrimination, termination, and retaliation based on her race and color. (*Id*. at ECF 4, 5, 9, 11.) In support of her claims, Plaintiff describes several incidents that occurred with her supervisor ShweZin Oo ("Oo"), where Oo allegedly failed to provide support to Plaintiff, assigned tasks verbally instead of in written form, and criticized Plaintiff's work performance. (*Id.* at ECF

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

8.) On February 3, 2025, the Equal Employment Opportunity Commission ("EEOC") issued a right-to-sue letter. (*Id.* at ECF 12–13 (EEOC "Determination and Notice of Rights" letter).)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90–91 (2d Cir. 2021). Courts "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). In addition, the Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a Title VII discrimination claim, a plaintiff must show that she is a member of a protected class, she was qualified for the position she held, and that she suffered an adverse employment action under circumstances giving rise to an inference of discrimination. *Ruiz v. County of Rockland*, 609 F.3d

486, 492 (2d Cir. 2010). "[A]t the initial stage of the litigation . . . the plaintiff does not need substantial evidence of discriminatory intent," and need only "sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (emphasis in original); *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) ("[A] plaintiff need only give plausible support to a minimal inference of discriminatory motivation." (citations omitted)). Nevertheless, "a discrimination complaint . . . must [still] at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *EEOC v. Port Auth. of N.Y. and N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (alterations and internal quotation marks omitted).

To establish a retaliation claim under Title VII, a plaintiff must show that (1) the plaintiff participated in a protected activity; (2) the employer knew of the plaintiff's participation in the protected activity; (3) the employer subjected the plaintiff to an adverse employment action after the plaintiff participated in the protected activity; and (4) there was a causal connection between the protected activity and the adverse employment action. *Littlejohn*, 795 F.3d at 316.

Even under a liberal interpretation, Plaintiff fails to provide facts to support a violation of Title VII. For example, Plaintiff does not identify her race or color or allege specific instances or facts suggesting that her former employer took adverse action against her because of her race or color. Rather, Plaintiff sets forth workplace disputes over job duties, schedules, and work performance. "Hostility or unfairness in the workplace that is not the result of discrimination against a protected characteristic is simply not actionable" in federal court. *Nakis v. Potter*, No. 01-CV-10047 (HBP), 2004 WL 2903718, at *20 (S.D.N.Y. Dec. 15, 2004) (citing *Brennan v. Metro. Opera Ass'n*, 192 F.3d 310, 318 (2d Cir. 1999)). "Disrespectful, harsh, and unfair treatment in the workplace alone does not state a claim for violation of federal employment law."

*Rissman v. Chertoff*, No. 08-CV-7352 (DC), 2008 WL 5191394, at *2 (S.D.N.Y. Dec. 12, 2008). In addition, Plaintiff's "mere subjective belief that [s]he was discriminated against . . . does not sustain a . . . discrimination claim." *Sethi v. Narod*, 12 F. Supp. 3d 505, 536 (E.D.N.Y. 2014) (internal citation omitted). Therefore, Plaintiff's allegation that she "feel[s] [her termination] . . . was because of [her] race and color of [her] skin," (Compl. at ECF 9), is insufficient to suggest or support the inference that her former employer discriminated against her in violation of Title VII. Finally, with respect to Plaintiff's retaliation claim, she has failed to identify any protected activity in which she participated or any adverse action by Defendant that was causally connected to Plaintiff's participation in protected activity.

Plaintiff's Title VII claims therefore cannot proceed against Defendant New York City Health and Hospitals as currently alleged for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). In addition, Title VII does not provide for individual liability; rather, only the employer may be named. *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004). Therefore, Plaintiff's Title VII claims cannot proceed against the two individuals named as defendants, ShweZin Oo and Timothy O'Leary, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

For the reasons stated above, the Court dismisses Plaintiff's Complaint, filed *in forma pauperis*, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of Plaintiff's *pro se* status, the Court grants Plaintiff until April 7, 2025, to file an amended complaint against her former employer, New York City Health and Hospitals. The amended complaint must include a short and plain statement of facts sufficient to support a plausible claim that her employer discriminated against her in violation of Title VII. If Plaintiff elects to file an amended complaint,

it must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order, No. 25-CV-1040 (PKC) (TAM).  The amended complaint shall replace the original complaint.  That is, the amended complaint must stand on its own without reference to the original complaint, and the EEOC Determination and Notice of Rights letter must again be attached to the amended complaint.

If Plaintiff fails to file an amended complaint within the time allowed or show good cause for an extension of time, the Clerk of Court shall be directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order along with an employment discrimination complaint form to the *pro se* Plaintiff and note service on the docket.

Plaintiff may seek free, confidential, limited scope legal assistance from the Federal Pro Se Legal Assistance Project offered by the City Bar Justice Center by calling (212) 382-4729 or online at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project. The Court notes that the Federal Pro Se Legal Assistance Project is not part of, or affiliated with, the United States District Court.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 6, 2025
       Brooklyn, New York

5